*Marian F. Harrison*
*US Bankruptcy Judge*

Dated: 12/23/2015

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | CASE NO: 15-05937-MFH |
| | CHAPTER: 11 |
| **DANIEL RICHARD SIGMUND** | |
| **Debtor** | |
| | |
| **QUICKEN LOANS INC.,** | |
| **Movant,** | |
| | **CONTESTED MATTER** |
| vs. | |
| **DANIEL RICHARD SIGMUND** | |
| **UNITED STATES TRUSTEE, Trustee** | |
| **Respondents.** | |

## AGREED ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY

Quicken Loans Inc., for itself, its successors and assigns (the "Movant"), filed a Motion for Relief from Automatic Stay (the "Motion") November 25, 2015, which was set for hearing on **December 22, 2015** (the "Hearing"). Movant seeks relief as to Debtor`s real property, which is the Debtor' principal residence, located in Davidson County, Tennessee, now or formerly known as 2627 Paddle Wheel Dr, Nashville, TN 37214 (the "Property"), as more particularly described in Exhibit "B"

attached to the Motion. Movant asserts that the Motion was properly served and hearing properly noticed. The parties reached an agreement as follows: The Debtor shall have a Chapter 11 Plan filed within **60 (sixty)** days of the entry of this Order. Unless the Plan has already been confirmed, the Debtor will resume regular monthly payments on the **90th day following the date the Plan is filed**. If however, the Debtor indicates the intent to surrender the Property in the filed Plan, the stay will lift upon Confirmation.

Accordingly, by consent, it is hereby

**ORDERED** that:

Upon delinquency of the ongoing payments as per the above agreement, Movant may be permitted to recover and dispose of the Property pursuant to applicable state law only after submitting a Notice of Default (as more particularly described below) in the following manner:

(1) Counsel for Movant shall serve the Debtor, and Debtor`s counsel of record with written notice of the specific facts of the delinquency (the "Notice of Default"); said notice may be contained in a letter;

**Remainder of page left intentionally blank --**

(2) Debtor may cure the delinquency within twenty (20) calendar days of receipt of said notice; and

(3) If Debtor fails to cure the delinquency within twenty (20) days of receipt of said written notice, the Court may enter an ex parte order modifying the automatic stay without further notice or hearing.

Should the Debtor indicate the intent to surrender the Property in the filed Plan, the Stay will lift upon Confirmation. Upon completion of any foreclosure sale by Movant, all proceeds exceeding Movant's lawful debt shall be remitted promptly to the Chapter 11 Debtor in Possession.

This Order was Signed and Entered Electronically as Indicated at the Top of the First Page.

**[END OF DOCUMENT]**

Prepared and Submitted by:

/s/ Natalie Brown
Natalie Brown
TN BPR No. 022452
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
(877) 813-0992
nbrown@rubinlublin.com
Attorney for Creditor


Consented to by:

/s/Matthew Murphy
Matthew Murphy, Esq.
TN BPR No. 24627
Law Offices Lefkovitz & Lefkovitz
618 Church Street, Suite 410
Nashville, TN 37219
615-256-8300
slefkovitz@lefkovitz.com
Attorney for Debtor

DISTRIBUTION LIST

DANIEL RICHARD SIGMUND
2627 PADDLE WHEEL DRIVE
Nashville, TN 37214

Steven L. Lefkovitz, Esq.
Law Offices Lefkovitz & Lefkovitz
618 Church Street, Suite 410
Nashville, TN 37219

United States Trustee, Trustee
Office of the United States Trustee
701 Broadway, Suite 318
Nashville, TN 37203

Natalie Brown, Esq.
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.